**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL J. HICKS, | ) Case No. EDCV 13-0327-CJC (JPR) |
| Petitioner, | ) |
| vs. | ) ORDER TO SHOW CAUSE |
| G.D. LEWIS, Warden, | ) |
| Respondent. | ) |

On February 21, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. The Petition purports to challenge Petitioner's sentence pursuant to his conviction for inmate possession of a deadly weapon, in violation of California Penal Code section 4502(A), in San Bernardino County Superior Court in 1997. (Pet. at 2.) Petitioner claims that his sentence was originally ordered to be served concurrently with any other pending sentence but subsequently, upon remand from the California Court of Appeal, was ordered to run consecutively, in retaliation for his having filed a successful appeal. (Pet. at 5.) Petitioner further claims that he was not present for his resentencing and therefore did not

1

know that the sentence was changed to run consecutively until he received a copy of the 1998 minute order effecting that change in June 2012, while he was working on a prison grievance. (Pet. at 5a, attach. Supreme Ct. Pet. at 2.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final in which to file a federal habeas petition. See 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

        discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(D), the statute of limitations begins to run when a petitioner discovers the facts underlying his claim, or could have discovered them had he exercised due diligence, even if he fails to understand their legal significance. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Under certain circumstances, a habeas petitioner may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).

Petitioner seems to assert that he is entitled to a later trigger date under § 2244(d)(1)(D) (or perhaps equitable tolling) because he could not have learned of the consecutive sentence any earlier through the exercise of due diligence. The problem with this argument is that the only actual evidence in the record shows that Petitioner was "present" at the resentencing, when the order was made that "sentence to run consecutive with any other sentence." (Pet. Attach. Feb. 6, 1998 Abstract of Judgment.)[1]

---

[1] Petitioner claims that his "resentencing" took place "in reprisal" for his successful appeal. But the amended abstract of

Petitioner claims that in fact he was brought to a holding cell for his resentencing but never into court (Pet. at 5), but he has submitted no evidence, not even his own signed declaration, to support this claim.

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).[2]

IT THEREFORE IS ORDERED that on or before **April 5, 2013**, Petitioner show cause in writing, if he has any, why the Court should not recommend that this action be dismissed with prejudice because it is untimely. If Petitioner intends to rely on an alleged later trigger date or the equitable tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts demonstrating that he did not learn of his consecutive sentence

---

judgment ordering that his sentence run consecutive to any other sentence is dated February 6, 1998, just a few months after his original sentencing and well before the Court of Appeal apparently reversed and remanded for resentencing, on September 30, 1998. (See Pet. at 3.)

[2]Petitioner states that he has never before raised in any court his claim that the trial court resentenced him to a consecutive sentence in reprisal for his successful appeal. (Pet. at 5.) The Court's review of the California Supreme Court habeas petition that Petitioner attached to his federal Petition seems to raise that issue, however. Thus, the Court assumes without deciding that the claim is exhausted.

until 2012 and could not have done so any earlier through the exercise of reasonable diligence.  Moreover, he must explain just what "extraordinary circumstance" stood in the way of his earlier filing his federal Petition.

DATED: March 4, 2013

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE